**People of the State of Illinois, Plaintiff-Appellee,
v. Delfino Spinelli, Defendant-Appellant.**

Gen. No. 66–134M.

Second District.

June 30, 1967.

Pollyea and Shoup, of Schiller Park, for appellant.

Thomas Young, of Lombard, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by Delfino Spinelli, defendant, from a judgment entered on a jury verdict, which found him guilty of assault and battery in violation of an ordinance of the Village of Lombard. The court assessed a fine against the defendant in the sum of $100 and costs.

On appeal, the defendant has urged that the complaint was void for want of a proper party plaintiff; that the failure to allege venue in the body of the complaint deprived the court of jurisdiction over the case; that the amendment of the complaint, at the trial, to substitute the Village of Lombard for the State of Illinois, as plaintiff, was ineffective; that the court erred in specified evidentiary rulings and in instructing the jury in certain designated respects; and that the verdict and judgment were contrary to the law and the evidence.

██ The only error which has a jurisdictional cast is the charge that failure to allege venue in the body of the complaint deprived the court of jurisdiction over the case. This contention was recently decided adversely to the defendant. (People v. James Williams, Docket No. 40085—Agenda 22, — Ill2d — (1967).) No motion to dismiss the charge was filed by the defendant in the

trial court with reference to the alleged errors, as required by the Code of Criminal Procedure. (Ill Rev Stats 1965, c 38, par 114–1(a) and (b).) Rather, such errors were raised by the defendant in his post-trial motions.

The plaintiff Village has filed no brief in this court. Such circumstance is regrettable since it leaves the judgment of the trial court without the support of brief and argument to which it is justly entitled. Also, under this posture of the case, if this court is to proceed on its own initiative to determine the merits of the case, it must do so in the dual role of advocate and judge—a position abhorrent to any court.

Of late, there has been a growing tendency in this Judicial District on the part of certain attorneys on behalf of the State, its municipalities and political subdivisions, to omit the filing of an appellee's brief in compliance with Supreme Court Rule 341 and its predecessor rule. This dereliction is unfair to both the trial court and this reviewing court and, consequently, we have determined to reverse the judgment pro forma. Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 180, 212 NE 2d 106 (1965); Green v. Smith, 21 Ill App 198 (1886).

Judgment reversed.

MORAN and ABRAHAMSON, JJ., concur.