Ralph Nikkinen, Plaintiff, Counter-Defendant, Appellant, v. Frank F. Evans, Jr., Defendant, Counter-Claimant, Appellee.

Gen. No. 67–109.

Second District.

December 27, 1967.

Snyder, Clarke, Dalziel, Holmquist and Johnson, of Waukegan, for appellant.

No brief filed by appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by Ralph Nikkinen, plaintiff, counter-defendant, herein called the plaintiff, from an order of a magistrate of the 19th Judicial Circuit, which found that neither the plaintiff, nor the defendant, counterclaimant Frank F. Evans, Jr., herein called the defendant, were guilty of negligence, and ordered that the plaintiff's complaint and the defendant's counterclaim be dismissed.

The defendant has filed no brief in this court. Such circumstance is regrettable since it leaves the judgment of the trial court without the support of brief and argument to which it is justly entitled. Also, under this posture of the case, if this court is to proceed on its own initiative to determine the merits of the case, it must do

so in the dual role of advocate and judge—a position abhorrent to any court. People v. Spinelli, 83 Ill App2d 391, 393, 227 NE2d 779 (1967). However, we will consider the merits of this case.

George Tiffany, a deputy sheriff of Lake County, Nancy Nikkinen, wife of the plaintiff, and Leslie Nikkinen, his daughter, testified on the plaintiff's behalf, and the defendant, by his attorney, cross-examined these witnesses, but presented no evidence on his own behalf.

It is undisputed that Nancy Nikkinen was driving the plaintiff's car at a speed of 35 miles per hour in a southwesterly direction in the westbound traffic lane of Route 22; and that the defendant was driving his car in an easterly direction approaching Route 22 at a point where said route curved generally to the southwest. A stop sign located at the intersection of Route 22 and the road upon which the defendant was driving, required traffic on such road to come to a stop before entering Route 22. It was misting and the roadway was wet at the time in question.

Nancy Nikkinen saw the defendant's car as it approached the intersection, and when it continued coming toward her, she applied the brakes on her car, skidded, and the cars collided within the westbound lane of Route 22—the plaintiff's car facing southwesterly, and the defendant's car southeasterly. The front end of the defendant's car protruded into the westbound lane of Route 22 and the point of impact was within such lane. Nancy Nikkinen did not see the defendant's car until it passed the stop sign which was set back some distance from Route 22. The front end of the plaintiff's car collided with the front end of the defendant's car. The evidence was conflicting on whether the defendant stopped his car at the stop sign.

It was stipulated that the plaintiff's damages were in the sum of $445.50. After the plaintiff rested his case, the defendant called no witnesses, and the magistrate entered the judgment order appealed from. Thereafter,

the plaintiff filed a motion for a new trial based upon the contention that the defendant was guilty of negligence as a matter of law. The magistrate denied this motion and the issue here involved is whether the defendant was guilty of negligence as a matter of law.

The evidence conclusively established that the collision, in the case at bar, occurred in the west traffic lane of Route 22 where Nancy Nikkinen was properly driving the plaintiff's car. The defendant's car collided with that of the plaintiff in the lane of traffic where the plaintiff's car had a legal right to be. The defendant had a duty to show that his car was in such traffic lane due to some reason other than his own negligence. Sughero v. Jewel Tea Co., 37 Ill2d 240, 242, 226 NE2d 28 (1967) ; Calvetti v. Seipp, 70 Ill App2d 58, 64, 216 NE2d 497 (1966). This he failed to do.

██ In Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 229 NE2d 504 (1967) at page 503, the court stated:

> "Logic demands that one rule govern both the direction of verdicts and determination of the presence or absence of negligence or contributory negligence as a matter of law, . . . ."

And, further stated at page 510:

> "In our judgment verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

██ We believe that all evidence in this case, when viewed in its aspect most favorable to the defendant, so overwhelmingly favors the plaintiff that no contrary judgment based on that evidence should stand, and we find that the defendant was guilty of negligence as a matter of law.

Accordingly, the judgment of the trial court dismissing the complaint filed by the plaintiff is reversed and judgment is herein entered against the defendant and in favor of the plaintiff in the sum of $445.50, plus costs of the suit.

Judgment reversed and judgment entered for plaintiff.

ABRAHAMSON, P. J. and MORAN, J., concur.