130 Ill. App.2d 908 (1970)
266 N.E.2d 123
B.E. SHINN et al., Plaintiffs-Appellees,
v.
THE COUNTY BOARD OF SCHOOL TRUSTEES OF MARION COUNTY et al., Defendants-Appellants.
No. 69-180.
Illinois Appellate Court  Fifth District.
December 30, 1970.
*909 Hodson & Pennock, of Centralia, and Ronald A. Niemann, of Salem, (Glendon C. Hodson, of counsel,) for appellants.
Wham & Wham, of Centralia, for appellees.
Judgment reversed.
Mr. JUSTICE VERTICCHIO delivered the opinion of the court:
This is an appeal from the order of the Circuit Court of Marion County reversing the prior decision of the County Board of School Trustees of Marion County.
On December 23, 1968, B.E. Shinn and Delores M. Shinn, his wife, filed a petition to detach the twenty acres of land described in the petition from the Selmaville District and annex the same to the Salem Elementary School District, with the County Board of School Trustees of Marion County, Illinois.
After a hearing before the School Board of Trustees, the petition was denied. The Board of School Trustees allowed a rehearing and after hearing additional evidence the petition was again denied. The petitioners then filed their complaint under the Administrative Review Act. The Circuit Court remanded the matter back to the County Board of School Trustees for additional evidence. The Board of School Trustees, after hearing additional evidence again denied the petition. The Circuit Court hearing the case on Administrative Review reversed the orders of the County Board of School Trustees as being contrary to the manifest weight of the evidence.
The issue on this appeal relates to the manifest weight of the evidence. Unfortunately the Appellee has not filed a brief in this Court. We agree with the language in People v. Spinelli, 83 Ill. App.2d 391, 393, "That the absence of such a brief leaves the Court in the dual role of advocate and judge."
The failure of the Appellee to file a brief leaves the judgment of the trial court without the support of brief and argument to which it is justly entitled.
 1, 2 Supreme Court Rule 341 (Ill. Rev. Stat. 1967, ch. 110A par. 341) provides for the filing of Appellee's brief. While the court is not required to dismiss an appeal for failure to file a brief this dereliction is unfair both to the trial court and reviewing court. Although in certain cases this court may determine that justice requires a decision on the merits, we deem it to be a matter within the court's sound discretion, thus, we have determined to reverse the judgment pro forma. Timmerman *910 v. Wilson, 74 Ill. App.2d 224, and Morella v. Melrose Park Cab Co., 65 Ill. App.2d 175.
The judgment of the Circuit Court of Marion County is reversed.
Judgment reversed.
MORAN and EBERSPACHER, JJ., concur.