PHILLIP A. SMITH *et al.*, Plaintiffs-Appellees, *v.* GEORGE MUSTER, Defendant-Appellant.

(No. 11431; )

Fourth District—January 11, 1972.

Phillips, Phebus & Tummelson, of Urbana, (George G. Bryan, of counsel,) for appellant.

Mr. JUSTICE VERTICCHIO delivered the opinion of the court:

This is an appeal from a judgment entered on behalf of the plaintiffs and against the defendant in the amount of $146.54 in the circuit court of Vermilion County. The suit arose out of an automobile accident at or near the intersection of Franklin Street and Voorhees Street in Danville, Illinois, on July 24, 1970.

The plaintiffs, *pro se,* filed the suit against the defendant. Defendant appeals from the judgment which was entered on behalf of the plaintiffs and against the defendant after a bench trial.

The issues on this appeal are directed to the sufficiency of the evidence and the admissibility of certain evidence relating to damages.

Unfortunately, the appellees have not filed a brief in this court.

In *People v. Spinelli,* 83 Ill.App.2d 391, 227 N.E.2d 779, the court stated that the absence of such a brief leaves the court in the dual role of advocate and judge.

As a result of the appellees' failure to file a brief, this court does not have the benefit of their point of view concerning the sufficiency of the evidence and admissibility of the evidence. There is nothing to give support to the judgment of the trial court.

Supreme Court Rule 341, Ill. Rev. Stat. 1969, ch. 110—A, ch. 341, provides for the filing of an appellees' brief. While the court is not man-

dated to dismiss an appeal for failure to file a brief, the failure to comply with the rule is unfair both to this court and to the trial court. In certain cases this court may determine that justice requires a decision on the merits. This is within the sound discretion of the court. In this case a review of the nature of the issues establishes that the judgment should be reversed *pro forma*. See *Timmerman v. Wilson*, 74 Ill.App.2d 224, 219 N.E.2d 767; and *Morella v. Melrose Park Cab. Co.*, 65 Ill.App.2d 175, 212 N.E.2d 106.

Therefore, the judgment of the circuit court of Vermilion County is reversed.

Judgment reversed.

SMITH, P. J., and CRAVEN, J., concur.