VICTOR SPRINGER *et al.,* d/b/a SPRINGER MOTOR SALES, Plaintiffs-Appellees, *v.* RALPH J. BUSBOOM, Defendant-Appellant.

(No. 11617; ▮▮▮▮▮▮▮▮

Fourth District—April 6, 1972.

Larry P. Cramer, of Urbana, for appellant.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff filed an action in the form of a small claim against the defendant. The defendant filed a counterclaim. After several continuances, the case was set for trial on February 2, 1971. On that date it was suggested to the court that the defendant was ill and another continuance was requested. Upon objection by plaintiff, the continuance was denied, the case was heard, and a judgment was entered against defendant and for the plaintiff for a sum of $339.60 and costs.

On May 6, 1971, the defendant filed a petition under section 72 of the Civil Practice Act to vacate the judgment. In that section 72 petition, the defendant alleged that he was never notified that a trial was had and a judgment was entered. On May 17, 1971, defendant's petition for relief under section 72 was denied and this appeal is from that order. There has been no appearance in this court by the appellee.

■■■ In *People v. Spinelli*, 83 Ill.App.2d 391, 227 N.E.2d 779, it was noted that absence of an appearance by the appellee places the reviewing court in the role of advocate and judge. The failure of the appellee to appear and file a brief in support of the judgment it obtained in the trial court leaves that judgment without the support of an advocate here. While under certain circumstances we may review on the merits, such is not here indicated. We have determined that the appropriate action in this case is *pro forma* reversal. *Smith v. Muster*, 3 Ill.App.2d 358, 277 N.E.2d 714.

Judgment reversed.

TRAPP, P. J., and SMITH, J., concur.