WILLIAM W. JANSSEN, Plaintiff-Appellant, *v.* GEORGE MARTIN DE BRAY, Defendant-Appellee.

(No. 70-79;

Second District—April 17, 1972.

Harry D. Hartel, Jr., of Mundelein, for appellant.

Paul E. Hamer, of Northbrook, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Janssen, filed a complaint seeking to quiet title to three parcels of land in Lake County claiming ownership on the theory of reliction and adverse possession pursuant to Section 1, 6 and 7 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83); DeBray, the State of Illinois and other parties having a possible interest in the land were joined as defendants. DeBray answered; the State of Illinois was dismissed on motion of the Attorney General. Thereafter, the defendant, DeBray, filed a separate suit against Janssen and other parties likewise seeking to quiet title in the same land as included in Janssen's suit. Janssen answered DeBray's complaint. All remaining defendants in each of the suits were defaulted and the two cases, on Janssen's motion, where consolidated.

After a hearing on the merits, the trial judge entered a decree in the consolidated cases finding that neither Janssen nor DeBray were entitled to a decree quieting title to the lands in question. On the same date, the court also entered an order finding that DeBray had conveyed his interest in the land in question, to Charles E. Larson as Trustee under the Canvass Back Rod and Gun Club Trust and said Trustee was substituted and succeeded to the interest of DeBray, however, most of the subsequent documents filed continued to refer to DeBray as the party in interest and therefore, we shall follow this same designation. Post trial motions seek-

ing a rehearing and modification of the decree were filed by Janssen and DeBray (Charles E. Larson as Trustee) but each of said motions were denied by the trial court. DeBray filed his notice of appeal on the last day allowed and, two days later, Janssen filed a notice of cross appeal. Approximately one year later, this court dismissed the appeal of DeBray for failure to comply with the Rules of Court and this order further provided that Janssen be designated as the appellant and DeBray as the appellee.

Janssen has filed the record on appeal, excerpts from the record and his brief in this court. DeBray has failed to file either an appearance or an answering brief. After the time expired for the filing of DeBray's brief, Janssen moved this court to summarily reverse the decree of the trial court and to quiet title to the land in him under the authority of Supreme Court Rule 366 (Ill. Rev. Stat. ch. 110A, par. 366). This motion was taken with the case.

After careful consideration and in spite of the cogent arguments presented by Mr. Justice English in *Daley v. Jack's Tivoli Liquor Lounge, Inc.* (1969), 118 Ill.App.2d 264, 254 N.E.2d 814, this court believes it should grant Janssen's motion to summarily reverse the decree of the trial court as to the relief sought in Janssen's suit. This type of action is authorized and is warranted in this case for the following reasons:

"1. Janssen has sought to enlighten this court on the issues and has borne the expense and burden of this appeal by providing the record, the excerpts of record, a brief and oral argument.

2. DeBray, on the other hand, not only failed to follow his own appeal which brought this case within the court's jurisdiction but he further failed to file an appellee's brief in Janssen's appeal, thereby requiring this court to act as judge and his advocate if this court were to decide the case on the merits. *Smith v. Muster* (1972), 277 N.E.2d 714.

3. The inaction of DeBray (Larson, as Trustee) demonstrates that he has abandoned all interest or claim in the land in question while Janssen has shown a continuing interest by his efforts in this court.

4. The public interest will be best served if there is a person having some claim in the land who will continue to pay taxes [1] and explore the possibility of acquiring the interest of the State of Illinois and the United States Government.[2]"

---

[1] The trial judge found that Janssen had paid taxes for a number of years on portions of the land in question.

[2] The trial judge found that title to the land in question remained in the State of Illinois or the United States Government, however, neither of these entities were parties to the proceeding at the time of the entry of the decree.

There is ample basis for this disposition of this case in the prior decisions of this court, *Bowling v. Hopp* (1972), 2 Ill.App.3d 850, 277 N.E.2d 780; *Guerra v. Gilkey* (1966) (Abst.), 68 Ill.App.2d 221, 215 N.E.2d 481, as well as in the decisions of the other Appellate Courts of this State. *Smith v. Muster, supra; Gibraltar Corp. v. Flobud Antiques Inc.* (1971), 131 Ill.App.2d 545, 269 N.E.2d 515.

Accordingly, the decree of the trial court entered on June 30, 1969, is reversed in part and the cause is remanded to the Circuit Court of Lake County with directions to modify the said decree to provide that the title to the land in question is quieted in the plaintiff, Janssen, as to the rights and interests of all defendants over whom the trial court had jurisdiction, excluding, of course, the State of Illinois; except as so modified the decree of the trial court is affirmed. This decision is not to be construed as a ruling on the merits of this cause nor as holding that the trial court acted erroneously in entering the decree below.

Decree reversed in part, affirmed in part and remanded with directions.

GUILD and ABRAHAMSON, JJ., concur.