EDNA RICHARDSON, Plaintiff-Appellant, *v.* LOUELLA RICHARDSON *et al.*, Defendants-Appellees.

(No. 11467;

Fourth District—November 29, 1972.

Knuppel, Grosboll, Becker & Tice, of Havana, (William H. Knuppel, of counsel,) for appellant.

No appearance for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The Plaintiff-Appellant, Edna Richardson, filed an action seeking to recover possession of certain premises situated in Mason County. The defendants-appellees, Louella Richardson and Wanda Park answered, claiming title by adverse possession. After bench trial, judgment was entered in favor of defendants. The issue on appeal is whether defendants acquired title by adverse possession where, within a family relationship, the initial possession was permissive.

The appellees have not filed a brief in support of the judgment in their favor to assist this Court in reviewing that judgment, and this places the reviewing court in the role of advocate as well as judge. (*People v. Spinelli*, 83 Ill.App.2d 391, 227 N.E.2d 779.) While Supreme Court Rule 341 does not preclude consideration of an appeal when no brief is filed by the appellee, it is well settled that lack of appearance by the appellee permits reversal of the judgment with no discussion of the merits. It is also well established that if circumstances are such that it would be manifestly unjust to reverse *pro forma*, the Court will exercise its discretion and consider the review on the merits. After examining the record

and the issues presented here we have determined that *pro forma* reversal is the appropriate action. *Springer v. Busboom*, 4 Ill.App.3d 493, 281 N.E.2d 394.

Accordingly the judgment is reversed and the cause remanded to the trial court with direction to issue a writ restoring possession of the premises to plaintiff.

Judgment reversed and cause remanded with directions.

TRAPP, P. J., and SMITH, J., concur.