GENERAL FINANCE CORPORATION, Plaintiff-Appellee, *v.* THOMAS D. STANDLEY *et al.,* Defendants—(First National Bank, Trust Fund, Mattoon, as Conservator of the Estate of Patricia Standley, Garnishee-Appellant.)

(No. 11821;

Fourth District—November 29, 1972.

Joseph P. Smith, Jr., of Mattoon, for appellant.

No appearance for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The First National Bank, Mattoon, Illinois, as conservator of the estate of Patricia Standley, appeals an order entered requiring the bank to turn over the sum of $1500 held by it as conservator. General Finance Corporation, plaintiff-appellee, obtained a judgment against Thomas D. Standley and Patricia Standley on a promissory note and garnishment summons was issued against the bank; and upon the garnishment interrogatories being answered, a judgment was rendered against the bank as indicated.

A brief summary of the facts established by this record indicate that Thomas Standley and Patricia Standley executed a promissory note to General Finance in the face amount of $1872. In June of 1970, a complaint was filed against the makers, alleging a balance due of some $1600. Thereafter, following service of summons in Illinois on Thomas

Standley and service upon Patricia Standley in Florida, a default judgment was entered against each, although upon separate dates. An affidavit for garnishment was filed against the bank as conservator against the estate of Patricia Standley. A motion was filed to quash the service of summons; this motion was denied. Upon entry of the turnover order, a verified motion to set it aside was filed by the bank asserting that the bank was conservator at the time the judgment was entered and as such should have been, but was not, made a party to the action; that the plaintiff obtained the judgment against Patricia Standley with knowledge of her incompetency and the order entered was contrary to certain statutory provisions.

■■ The appellee has not filed a brief in support of its judgment to assist this court in reviewing the judgment. Such omission places this court in the role of advocate as well as judge. (See *People v. Spinelli,* 83 Ill.App.2d 391, 227 N.E.2d 779.) While we are not precluded from a consideration of the appeal on its merits under such circumstances, it is well settled that lack of appearance by the appellee permits of reversal without discussion of the merits. After examining the record and the issues presented here, we have determined that *pro forma* reversal is the appropriate action. Accordingly, the judgment of the circuit court of Macon County is reversed.

Judgment reversed.

TRAPP, P. J., and SIMKINS, J., concur.