THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT ELLIOTT, Defendant-Appellant—(THE PEOPLE *ex rel.* ROBERT ELLIOTT, Petitioner, *v.* ELZA BRANTLEY, Warden, Illinois State Penitentiary at Menard, Respondent.)

(Nos. 11778, 11945 cons.; ▮▮▮▮▮▮▮▮▮▮▮

Fourth District—January 24, 1973.

John F. McNichols, of Defender Project, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant plead guilty to an information charging two counts of forgery. He waived his right to counsel and grand jury indictment on December 16; 1971. He was sentenced to the penitentiary for a period of 3 to 10 years. Subsequent to the appeal from the conviction and sentence, defendant filed a Petition for Writ of *Habeas Corpus* which was denied on April 27, 1972. Defendant also appealed from this dismissal. The issues on this appeal relate to the sufficiency of the admonition given to defendant at the time he plead guilty, the constitutional right to a preliminary hearing, the sufficiency of information for sentencing, and the adequacy of appointed counsel in the *habeas corpus* proceeding.

■■ There is no brief in this court on behalf of the People. As the court noted in *People v. Spinelli* (2nd Dist. 1967), 83 Ill.App.2d 391, 393, 227 N.E.2d 779, the absence of such a brief leaves this court in the dual role of advocate and judge—a position abhorrent to any court. Although Supreme Court Rule 341 does not preclude consideration of an appeal when no brief is filed by the appellee, it is well settled that lack of appearance by the appellee permits reversal of the judgment with no discussion of the merits. If it would be manifestly unjust to reverse *pro forma,* the court will exercise its discretion and consider the review on the merits. (*Richardson v. Richardson* (1972), 8 Ill.App.3d 546.) After examining the record and the issues presented here, we have determined that *pro forma* reversal is the appropriate action. *People v. Keeney* (1968), 96 Ill.App.2d 323, 238 N.E.2d 614.

Accordingly, the judgment and conviction is reversed and the cause remanded to the trial court with direction that defendant be permitted to plead anew.

Judgment reversed and cause remanded with directions.

TRAPP and SIMKINS, JJ., concur.