THE PEOPLE *ex rel.* PULLMAN BANK AND TRUST COMPANY, Plaintiff-Appellee, *v.* JOSEPH F. FITZGERALD, Commissioner of the Department of Buildings of the City of Chicago, *et al.,* Defendants-Appellants.

(No. 56595; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—August 8, 1973.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Edmund Hatfield, Assistant Corporation Counsel, and Paul T. Foxgrover, Senior Law Student, of counsel,) for appellants.

No brief filed for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This mandamus proceeding was brought in the Circuit Court of Cook County to compel issuance of building permits for construction of an automobile service station on the southeast corner of Division and Wells

Streets in Chicago, Illinois. The site had been zoned C1—4, and a service station was a proper use under that classification. However, the site has been designated for residential uses by the Chicago-Orleans Slum and Blighted Area Redemption Project, an urban renewal plan enacted by the city of Chicago, and no building permits were issued.

The trial court granted a writ of mandamus compelling the Commissioner of the Department of Buildings of the City of Chicago to issue the building permits, and the commissioner appeals from that judgment.

The issue on appeal relates to whether a building permit may be issued in accordance with the zoning ordinance when there is a conflict with the subsequently enacted urban renewal plan.

The appellee has not filed any briefs in accordance with Supreme Court Rule 341 (Ill. Rev. Stat., ch. 110A, par. 341). This court may determine the case on its merits or may reverse because of the failure of the appellee to comply with the supreme court rule in its sound discretion. (*Shinn v. County Board of School Trustees* (1970), 130 Ill. App.2d 908; *People v. Spinelli* (1967), 83 Ill.App.2d 391; *Timmerman v. Wilson* (1966), 74 Ill.App.2d 224.) Inasmuch as the appellee has abandoned its case, we see no reason to go into the merits. We have therefore decided to reverse *pro forma.*

The judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN, P. J., and JOHNSON, J., concur.