ANN GEORGES *et al.,* Plaintiffs-Appellees, *v.* VINCENT A. MALLARE *et al.,* Defendants-Appellants.

(No. 58886; )

First District (4th Division)—March 27, 1974.

Frank L. Mallare, of Chicago, for appellants.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs brought an action in forcible entry and detainer to recover rent and possession of the premises. Defendants, who filed an appearance, were not present at the hearing at which a default judgment was entered. Within 30 days the defendants filed a motion to vacate the judgment. While the motion was pending, but before there was a hearing, the sheriff removed defendants from the premises. The trial court thereafter denied the motion.

The issue on appeal is whether the trial court should have granted the motion to vacate the judgment and set the case for trial, when the motion was made within 30 days after the default was entered.

The appellees have not filed any briefs in accordance with Supreme Court Rule 341 (Ill. Rev. Stat. 1971, ch. 110A, par. 341). This court may determine the case on its merits or may reverse because of the failure of the appellees to comply with the Supreme Court Rule in its sound discretion. (*Shinn v. County Board of School Trustees* (1970), 130 Ill.App. 2d 908, 266 N.E.2d 123; *People v. Spinelli* (1967), 83 Ill.App.2d 391, 227 N.E.2d 779; *Timmerman v. Wilson* (1966), 74 Ill.App.2d 224, 219 N.E. 2d 767.) Inasmuch as the appellees have abandoned their case, we see no reason to go into the merits. We have therefore decided to reverse pro forma. *People ex rel. Pullman Bank & Trust Co. v. Fitzgerald* (1973), 14 Ill.App.3d 247, 302 N.E.2d 429.

The judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

ADESKO, P. J., and DIERINGER, J., concur.