The City of Danville, Plaintiff-Appellee, *v.* Evelyn O. Reffett, Defendant-Appellant.

(No. 12561;

Fourth District—June 27, 1974.

*Rehearing denied August 21, 1974.*

Whitney D. Hardey, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville (Daniel K. Mumme, Senior Law Student, of counsel), for appellant.

No appearance for appellee.

Mr. JUSTICE CLYDESDALE delivered the opinion of the court:

This is an appeal by Evelyn O. Reffett, defendant, who was found guilty by the court of restricting and obstructing a police officer in violation of a city ordinance of the City of Danville. The court assessed a fine against the defendant in the sum of $10 and costs in the sum of $5.

Prior to trial, defendant filed an application to sue or defend as a poor person and requested the appointment of counsel. Both requests were denied by the court without hearing.

On appeal, the defendant raised the following issues: (1) Should an indigent defendant, as a matter of right, be advised of the right to a jury trial in a municipal ordinance violation case; (2) should an indigent have a right to the appointment of counsel in a municipal ordinance violation case; and (3) does the appropriation of bond money to satisfy a fine and costs amount to an unconstitutional taking of property where defendant claims the bond money was welfare money received by her for aid to her dependent children?

The City did not file a responsive brief on appeal and the only oral argument before this court was by the appellant-defendant.

Although substantial issues have been raised by the defendant, we do

not propose to serve in the dual role of advocate and judge. This is a position termed "abhorrent" by the court in *People v. Spinelli,* 83 Ill.App.2d 391, 227 N.E.2d 779.

The City's failure to file a brief leaves the judgment of the trial court without the support of brief and argument to which it is justly entitled. Since the City has abandoned its case on appeal, we see no reason to go into the merits. We have decided to reverse the judgment pro forma. *Spinelli; People ex rel. Pullman Bank & Trust Co. v. Fitzgerald,* 14 Ill.App.3d 247, 302 N.E.2d 429; *Shinn v. County Board of School Trustees,* 130 Ill.App.2d 908, 266 N.E.2d 123.

The judgment of the circuit court of Vermilion County is reversed and the clerk of the circuit court is directed to return the sum of $15 to the appellant.

Reversed and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.