THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALFONSO RINCON *et al.*, Defendants-Appellees.

(Nos. 60434-37 cons.;

First District (4th Division)—February 26, 1975.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The defendants were charged with unlawful use of weapons and possession of marijuana. Prior to trial, they made a motion to suppress evidence which was allowed by the trial court. The State brings this appeal in accordance with Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, 604(a)(1)).

The issue on appeal is whether the trial court erred in granting defendants' motion to suppress the evidence.

On the afternoon of December 14, 1973, the arresting officers received a "flash" message over the police radio, indicating that two male Mexicans, approximately 19 years of age, were wanted for threatening an unnamed individual. The report also indicated that the two persons had been seen in the vicinity of Harrison High School, riding in a red Vega automobile with a black stripe on the trunk. An unnamed student had also informed the police that the two parties were armed with a shotgun in their car. The police later saw the defendants driving a red Vega automobile with a black stripe on the trunk and pulled them over to the curb. One of the officers told the defendants to get out of their automobile where he then effected a search which produced a loaded shotgun and eight shotgun shells and quantities of marijuana.

█ █ The appellees have not filed any briefs in accordance with Supreme Court Rule 341 (Ill. Rev. Stat. 1971, ch. 110A, § 341). Where a party who prevails in the trial court does not appear or file a brief, this court may, in its discretion, determine the case on its merits or may reverse without further consideration or discussion. (*People v. Spinelli* (1967), 83 Ill.App.2d 391, 227 N.E.2d 779; *People v. Nardone* (1963),

844

43 Ill.App.2d 409, 193 N.E.2d 617. See also *Shinn v. County Board of School Trustees* (1970), 130 Ill.App.2d 908, 266 N.E.2d 123.) Because the appellees have filed no brief, we have decided to reverse pro forma.

The decision of the circuit court of Cook County is reversed.

Reversed.

BURMAN and ADESKO, JJ., concur.