CONSUMERS AUTO BUYING SERVICE OF ILLINOIS, INC., Plaintiff-Appellee, v. ILLINOIS AUTOMOTIVE TRADE ASSOCIATION, Defendant-Appellant.

(No. 60631; 

First District (4th Division)—October 22, 1975.

McKenna, Storer, Rowe, White & Haskell, of Chicago, and Brunsman, Crain & Kenney, of Springfield (Robert S. Soderstrom, of counsel), for appellant.

Lipnick, Barsy & Joseph and Joseph & Friedman, both of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Consumers Auto Buying Service of Illinois (hereinafter referred to as CABS), filed a libel action on April 25, 1974, alleging that

defendant, Illinois Automotive Trade Association (hereinafter referred to as Illinois Auto), attempted to drive CABS out of business by publishing an article in its trade bulletin, Illinois Auto Trade Bulletin, that commented on the Secretary of State issuing a cease and desist order to CABS' Schaumburg office. Illinois Auto specially appeared on June 20, 1974, challenging the propriety of venue in Cook County, and presented a motion for a change of venue from Cook County to Sangamon County supported by two affidavits. The motion stated that the alleged libelous article was written and published in Springfield, Sangamon County, Illinois; that its principal office and officers were there; that the trade bulletin was mailed to its members throughout the State, including Cook County. CABS responded to Illinois Auto's motion and submitted five copies of the Illinois Auto Trade Bulletin.

The trial court denied Illinois Auto's motion for a change of venue on June 28, 1974. However, the court found that the order involved questions of law to which there is substantial grounds for difference of opinion and falls within the purview of Rule 308 of the Rules of the Supreme Court. Illinois Auto then petitioned for leave to appeal the June 28, 1974, order and interlocutory leave to appeal was granted.

The appellee has not filed an appearance or brief in this court in accordance with Supreme Court Rule 341. (Ill. Rev. Stat. 1973, ch. 110A, par. 341.) Under such circumstances in our discretion we may enter a pro forma reversal or dispose of the appeal on its merits. *People ex rel. Pullman Bank & Trust Co. v. Fitzgerald* (1973), 14 Ill.App.3d 247, 302 N.E.2d 429.

Under the circumstances, therefore, we will exercise our discretion by reversing pro forma the order denying the change of venue from the circuit court of Cook County to the circuit court of Sangamon County.

The judgment of the circuit court of Cook County is reversed and the cause is remanded with instructions to enter an order changing the venue of this lawsuit from the circuit court of Cook County to the circuit court of Sangamon County.

Reversed and remanded with instructions.

DIERINGER, P. J., and BURMAN, J., concur.