THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BENNIE McCLERREN, d/b/a B.M. Motors, Defendant-Appellee.

Fifth District   No. 5—88—0330

Opinion filed May 3, 1990.

RARICK, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen S. Rosenwinkel, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff, the People of the State of Illinois, sued defendant, a used-car dealer, for rolling back the mileage on the odometers of used cars. The complaint alleged violations of the Consumer Fraud and Deceptive Business Practices Act, the Uniform Deceptive Trade Practices Act, and the Motor Vehicle Information and Cost Savings Act of 1972. Ill. Rev. Stat. 1983, ch. 121½, par. 261 et seq.; Ill. Rev. Stat. 1983, ch. 121½, par. 311 et seq.; 15 U.S.C. §1988 (1988); 49 C.F.R. §580 (1986).

During discovery, plaintiff filed a request for admission of facts (107 Ill. 2d R. 216) asking defendant to admit or deny whether certain odometer readings on cars were lower when he sold them than when he originally purchased them. The request also asked defendant to admit or deny that he and/or his agents or employees had complete control over these cars at all relevant times and that defendant failed to provide his customers with proper transfer titles.

Defendant received a 14-day extension of time to file his response. However, he did not file his response until 10 days after his extension had expired.

Plaintiff filed a motion for summary determination of major issues pertaining to all facts set forth in the request for admission. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(d).) The circuit judge entered an order finding that "pursuant to Supreme Court Rule 216C [sic] *** Request for Admissions filed by the state *** is deemed admitted, in total." 107 Ill. 2d R. 216(c).

At trial, plaintiff failed to introduce the admitted facts into evidence.[1] Thus, when plaintiff's counsel referred to the facts deemed admitted during closing argument, the court ruled that those facts were not before it.[2] Defendant presented no evidence at trial.

---

[1]In response to a question from the court, plaintiff's counsel indicated during his closing argument that he thought he had asked the court to take notice of the request for admissions but "there was a very confusing exchange" and "it's just very unclear." Plaintiff does not argue on appeal that the court was asked to take notice of the facts deemed admitted and the record does not include a transcript of the trial proceedings.

[2]Had the circuit court granted the requested summary determination of issues under section 2—1005(d) rather than issuing an order deeming the facts admitted pursuant to Supreme Court Rule 216(c), the admitted facts would have been established and properly before the court and we would necessarily reverse. Under section 2—1005(d), "[i]f the court determines that there is no genuine issue of material fact as to one or more of the major issues in the case *** [u]pon the trial of the case, the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(d).) The plaintiff does not argue, however, that the court's order, which was captioned as a "Partial Summary Judgment," was in fact a summary determination of major issues.

The court entered judgment for defendant and plaintiff appeals. We affirm.

Plaintiff argues that the circuit court erred in requiring plaintiff to introduce the admitted facts into evidence where the court had previously deemed the truth of those matters admitted. We do not agree.

■ Plaintiff's difficulty may lie in the usage made of the word "admitted." We believe that when the word "admitted" is used in the sense that facts are admitted or deemed admitted under Supreme Court Rule 216, it means that the facts are agreed to be true, or are taken as true. But, when the word "admitted" is included in the commonly used phrase, "admitted into evidence," the word means introduced into evidence.

■ Courts are to decide a case only on the evidence in that particular case. (*People v. Yarbrough* (1982), 93 Ill. 2d 421, 444 N.E.2d 493.) Neither testimony nor physical objects are evidence unless they are produced, introduced, and received in a trial. Here, the facts admitted by the defendant's failure to respond to the request for admission were not produced, not introduced, and not received in the trial of the case.

If plaintiff's position were accepted, then a party who obtained an admission would be bound by its evidentiary effect. We believe instead that the party should retain the option of either making use of or not making use of the admission as seems advantageous.

Further, the law is clear that if a party wishes to rely on a requested but not answered admission, that party must at some point during the trial introduce his opponent's failure to answer before such failure can have any effect. *People ex rel. Reynolds v. Aldridge* (1982), 107 Ill. App. 3d 679, 437 N.E.2d 1268.

Therefore, the circuit court was correct in its determination that the facts deemed admitted during discovery were not before it.

Affirmed.

CHAPMAN, J., concurs.

JUSTICE RARICK, dissenting:

Because of the confusion with respect to the trial court's order and the ambiguity of the record in general, coupled with defendant's failure to even file a brief on appeal to protect the judgment entered in his favor, I must dissent.

It has long been accepted that this court may, in its discretion, determine a case on the merits or reverse without further consideration or discussion when a party who prevails in the trial court does not ap-

pear or file a brief in accordance with Supreme Court Rule 341 (113 Ill. 2d R. 341). (See, *e.g.*, *People v. Rincon* (1975), 26 Ill. App. 3d 842, 843, 326 N.E.2d 142, 142; *People ex rel. Pullman Bank & Trust Co. v. Fitzgerald* (1973), 14 Ill. App. 3d 247, 248, 302 N.E.2d 429, 430. See also *Ottwell v. Ottwell* (1988), 167 Ill. App. 3d 901, 903, 522 N.E.2d 328, 329; *Hall v. Baum Corp.* (1973), 12 Ill. App. 3d 755, 756, 299 N.E.2d 156, 157.) We are not obligated to act as an advocate or search the record to affirm the judgment of the trial court. (See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495. See also *Standard Management Realty Co. v. Johnson* (1987), 157 Ill. App. 3d 919, 923, 510 N.E.2d 986, 989.) This is especially true when the claimed errors in question are not of the type easily decided without the aid of an answering brief. (See *North Shore Marine, Inc. v. Engel* (1980), 81 Ill. App. 3d 530, 537, 401 N.E.2d 269, 275. See also *First Capitol*, 63 Ill. 2d at 133, 345 N.E.2d at 495.) I believe this is such a case.

Here, the State submitted a request for admission of facts to which defendant failed to file timely a response, even with an extension. The State then filed a request for summary determination of major issues. The trial court responded with an order labeled "Partial Summary Judgment" but couched in the words of Rule 216(c). The order as labeled appears to grant the State's request, thereby precluding the necessity of introducing formally the admitted facts. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(d).) Although I believe the label more accurately should have mirrored the title of the State's request (see *Equal Employment Opportunity Comm'n v. Sears, Roebuck & Co.* (7th Cir. 1988), 839 F.2d 302, 353 n.53), my concern lies in the language used in the body of the order itself. The order as written creates enough ambiguity on the record to prevent me from ruling summarily that the trial court did not err in refusing to recognize the admitted facts, particularly since we are dealing with a bench trial setting. Further ambiguity arises from references found toward the end of the hearing to a discussion wherein the State much earlier in the proceedings apparently asked the court to look at the facts deemed admitted, a discussion which seems not to have been recorded or transcribed. Given the state of the record before us, I simply cannot affirm the judgment without defendant having even filed an answering brief. For these reasons, I must dissent.