**Patricia B. Green, Plaintiff-Appellant, v. Talmage O. Green, Defendant-Appellee.**

**Gen. No. 66–140.**

Second District.

August 29, 1967.

R. L. Huszagh, of Wheaton, for appellant.

Talmage O. Green, pro se, of Glen Ellyn, appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This appeal is prosecuted by the plaintiff from an order entered September 9, 1966, nunc pro tunc as of May 6, 1966, by the Circuit Court of DuPage County that reduced the monthly installments of a lump sum alimony award and the child support payments provided in a previous divorce decree.

The divorce decree was entered on March 7, 1966, after a contested trial and provided, in part, as follows:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the defendant, TALMAGE O. GREEN, be and he hereby is directed to

pay to the Clerk of this Court, the sum of $250.00 per month for the support of the two minor children herein, until the further order of this Court $125.00 per month for each child, payable $125.00 on the 15th day of each month for the first half of the month, and $125.00 on the 30th day of each month for the last half of the month, the first payment of $125.00 due and payable on or before March 15, 1966. Said child support payments are based on defendant's representation that he receives a take-home pay of $750.00 per month.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the defendant, TALMAGE O. GREEN, be and he hereby is directed to pay to plaintiff, PATRICIA B. GREEN, the sum of $2,000.00, as and for a lump sum alimony settlement, said amount to be payable at the rate of $100.00 per month, commencing on March 1, 1966, and plaintiff be and she is hereby barred from any further rights to alimony, past, present or future."

The plaintiff subsequently petitioned the court to order the defendant to join in the execution of a Loan Modification Agreement in connection with a mortgage indebtedness on the former marital home and for an increase in child support payments. No written answer to that petition or cross petition from the defendant appear in the record but the transcript of a hearing held on May 6, 1966, does appear. The defendant testified at that hearing that he was unable to continue the payments provided in the decree; that his expenses exceeded his income; and that his job was in jeopardy as a result of his financial difficulties. He requested that the child support be reduced and the monthly alimony installments extended to prevent his total ruin. In support of his contention that he was on the brink of complete financial

collapse, the defendant testified that, in addition to his alimony and child support obligations, he was making regular monthly payments on a new car and on overdue accounts at two retail stores for bills incurred by his former wife. He also testified that he was then earning $730 take-home pay every month. At the conclusion of that hearing, the defendant signed the Loan Modification Agreement and an order was entered that reduced the child support payments to $110 a month for each child and the monthly installment of the lump sum alimony to $50. This appeal is from that order.

As is well known, section 18 of the Divorce Act provides, in part, that "The court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody, and support of the children, as shall appear reasonable and proper." (Ill Rev Stats 1965, c 40, par 19.)

■ The cases uniformly hold that an alteration will be made only when the conditions and circumstances of the parties have materially changed since the entry of the original decree. Kelleher v. Kelleher, 67 Ill App2d 410, 414, 214 NE2d 139; Gregory v. Gregory, 52 Ill App2d 262, 268, 202 NE2d 139. The court may not "arbitrarily or capriciously" modify the provisions for alimony or child support but can do so after a substantial change is shown to have occurred. Gregory v. Gregory, ibid.

■ The decree is final as to the circumstances and conditions of the parties as of the date of its entry and the court can, therefore, only consider such changes that have occurred subsequently. Nye v. Nye, 411 Ill 408, 416, 105 NE2d 300.

■ The record in this case discloses no evidence of a "substantial" or "material" change in the conditions of the parties subsequent to the entry of the divorce decree. The decree recited that the support payments were predicated on the representation of the defendant that his

365

take-home pay was $750 a month. At the hearing two months later, the defendant testified that his take-home pay was $730 a month and explained that the slight reduction resulted from a change in his withholding for Federal income tax as a result of the divorce. It was improper for the court to consider his car payments as a possible change in his financial circumstances since he had purchased the car prior to the divorce decree and, as we have seen, the decree was res adjudicata as to his pecuniary circumstances as of that date. The defendant's obligation on prior family indebtedness could not be considered a change in condition subsequent to the divorce decree since the decree itself ordered him to make the monthly payments.

The defendant contends that the Loan Modification Agreement itself "materially" affected his financial status. The divorce decree had provided that the marital home be awarded to the plaintiff and it was apparently agreed that she would make all future payments on the mortgage loan. The modification did not increase the amount of the defendant's obligation on the loan but only extended the time for repayment. Since the defendant was not, in any event, making any of the payments on the mortgage loan, the extension obviously had no present effect on his financial condition.

Under the circumstances, we can only conclude that the record is totally devoid of any evidence of a change in the conditions or circumstances of the parties that could justify the alteration of the decree.

In view of our decision we need not consider the plaintiff's contention that the court could not, under any circumstances, alter the provisions as to the lump sum alimony award. Neither have we considered the plaintiff's reply brief, since it raises new matters not contained in the original briefs.

For the reasons stated, the order of the trial court that modified the decree of divorce will be reversed.

Reversed.

DAVIS, P. J. and MORAN, J., concur.