Elsie E. Louthan, Plaintiff-Appellant, Counterappellee, v. Clifford W. Louthan, Defendant-Appellee, Counterappellant.

Gen. No. 54,418.

First District, Second Division.

September 29, 1970.

Charles G. Martin, of Chicago, for appellant.

Robert E. Grundin, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Elsie E. Louthan filed a petition in the circuit court to modify the alimony provisions of a decree of divorce and a subsequent modification order. The trial court ordered an increase in respondent's alimony payments from $20 to $35 per week. Plaintiff appeals, contending that the increase allowed does not sufficiently reflect the change in her position as shown by the evidence; respondent has filed a cross-appeal, contending that there was no

change in petitioner's circumstances sufficient to warrant the increase allowed by the court.

The parties were married in 1929 and granted a divorce in December 1948. At the time the decree was entered, plaintiff was allowed: $10 per week in alimony and $15 per week for each of three then minor children of the marriage, a total of $55 per week. Plaintiff was also given title to the family home in which the parties then held an equity of $10,000 to $12,000. The decree further provided that plaintiff was free to secure employment to supplement her maintenance and support.

In 1960, on petition filed by plaintiff, the alimony payment was increased to $20 per week. Prior to the 1960 modification order, plaintiff had undergone spinal surgery for the removal of a disc, and from that time on, she experienced pain in her back and legs. She had been employed as a beauty technician for several months during the period between the decree and the 1960 modification, and worked for several years as a licensed real estate broker in Illinois. At the time of the 1960 modification order, the defendant was employed by the City of Evanston with annual earnings of $8,800.

On May 1, 1969, the instant petition was filed, praying that the amount of alimony be increased to a total of $75 per week. On May 7, 1969, defendant filed an answer to the petition, praying that the relief requested in the petition be denied.

At the hearing on the petition and the answer, plaintiff testified that she was 61 years of age and that her health and physical condition was steadily deteriorating. She testified that subsequent to the 1960 modification of the alimony provisions of the decree she had undergone surgery to correct a poor circulation condition in her legs, that she had no sense of feeling in her legs, and that she was constantly in pain. She stated that she was unable to find gainful employment since 1959 due to a combination of physical ailments and a lack of skilled experience. She testified that she held a valid but inactive Illinois real estate broker's license, but that she was unable to work as a broker because such activity was too demanding for her physical condition and also affected a gastric condition. She stated that she does not receive

Social Security, and that she has no idea whether she had sufficient quarters of employment to qualify therefor. She testified that she spends summers in a Chicago suburb with one of her children, rent free; that she spends part of the year in the Carolinas; that she spends time in Florida, staying with friends; and that she tries to play golf (at her doctor's recommendation) once or twice a week, as well as attend concerts, visit museums, and the like. Petitioner also stated that she has living expenses of approximately $300 per month.

Defendant, at the time of the hearing, was 61 years of age and employed in a supervisory capacity by the City of Evanston. His income tax returns reflected an income of almost $12,500 for the year 1968 and almost $12,225 for 1967. He had been married to his present wife slightly over two years and had acquired several thousand dollars worth of stock since the marriage. He and his wife own a condominium valued at $24,500, on which there is a mortgage of $12,000. He and his wife also own retirement property in Arkansas valued at $26,000, on which there is a $23,000 mortgage. Defendant further testified that his wife's income was slightly under $2,000 per year. His expenses and obligations, including the $20 alimony payable to petitioner, amounted to approximately $725 monthly and his take-home pay amounted to $736 per month.

The issues created on the appeal and the cross-appeal are essentially the same, namely, whether the increase in alimony to plaintiff of $15 per week was a proper exercise of the trial court's discretion under the circumstances of the case.

A decree of divorce is final as to the circumstances and conditions of the parties as of the date of its entry. Upon a subsequent application for a modification, only matters which have occurred subsequent to the entry of the decree may be considered by the court. Before a modification will be allowed it must be shown that the circumstances of the parties have changed materially. See generally Green v. Green, 86 Ill App2d 362, 229 NE2d 565.

The evidence reveals that plaintiff's condition has changed materially since the modification of the decree

in 1960. The surgical removal of the disc prior to the 1960 modification has resulted in complications subsequent to the modification, leaving plaintiff in a physically more disadvantaged position than prior to the modification. There is evidence that this condition requires that she reside in more moderate climates during the winter months and further results in her inability to secure steady employment. Prior to the 1960 modification she had been able to work.

On the other hand, many of the plaintiff's complaints concerning her physical condition existed prior to the 1960 modification. She made no attempt to determine if she is entitled to Social Security, which could be an additional source of income for her support. There is evidence that she pays no rent when she resides with her children in the Chicago area. She is sufficiently agile to play golf once or twice a week and attend concerts, bridge clubs, and the like, all of which militates against her contention that her present physical condition entitles her to an increase of $55 per week in alimony.

The trial court expressly recognized that it was faced with an extremely difficult set of facts. Under all the circumstances, there was no abuse of discretion in the allowance of the additional $15 per week in alimony to plaintiff and in the refusal to her of a larger amount.

For these reasons the order is affirmed.

Order affirmed.

McCORMICK, P. J. and LYONS, J., concur.