Andrew J. Horwitz, Plaintiff-Appellant, v. Donna Horwitz, Defendant-Appellee.

Gen. Nos. 53,703, 53,465. (Consolidated.)

First District, Fourth Division.

October 21, 1970.

Jerome Berkson, of Chicago, for appellant.

Stanley F. Kaplan, of Chicago, for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

This is a consolidation of appeals by plaintiff. The first appeal is taken from an order directing plaintiff to pay $600 to defendant's attorney to defend a post-divorce decree petition by plaintiff for modification of visitation rights prior to a hearing on that petition. The second appeal is taken from an order directing plaintiff to pay $1,000 to defendant's attorney to defend the initial appeal.

After a contested hearing, the plaintiff was granted a divorce on the grounds of adultery on July 1, 1965. The decree awarded plaintiff custody of the parties' four minor children with defendant afforded visitation rights. The visitation rights were subsequently limited and modified on July 26, 1967.*

On September 11, 1967, plaintiff filed a petition to deny defendant all visitation rights alleging specific instances where defendant jeopardized the life and well being of the children while they were in her custody pursuant to her rights of visitation. Defendant responded to this petition on October 17, 1967, denying the material allegations as set forth in the petition. On January 22, 1968, defendant moved for a change of venue from Judge Suria, who granted the motion, and sent the matter to Judge Hunter, Presiding Judge of the Divorce Division, for reassignment. Defendant's motion listed Judges Hunter, Iseberg and Drymalski as acceptable to defendant.

---

* On September 21, 1967, Judge Suria entered an order denying defendant attorney's fees and expense money for defense of plaintiff's petition resulting in the July 26, 1967, order.

On February 15, 1968, defendant filed a petition seeking attorney's fees and costs in defense of plaintiff's pending petition of September 11, 1967, and attorney's fees and costs for the taking of evidence depositions. On March 8, 1968, Judge Hunter entered an order directing plaintiff to pay $1,500 to defendant's attorney for defense of plaintiff's petition. This order was subsequently vacated on April 24, 1968, by Judge Hunter and leave was granted defendant to file an amended petition for fees and costs. Defendant's amended petition recited a schedule of actual and anticipated hours and effort by her counsel amounting to $3,480. Plaintiff responded to this amended petition on May 3, 1968, denying defendant's right to fees and costs.

Pursuant to defendant's motion for change of venue of January 22, 1968, the case was assigned to Judge Plusdrak. However, on May 14, 1968, defendant moved for a change of venue from Judge Plusdrak. Defendant's motion listed Judges Plusdrak, Iseberg, Wells and Wham as unacceptable to defendant. Judge Plusdrak granted the motion and sent the matter to Judge Hunter for reassignment. Judge Hunter then assigned the case to Judge Friedlund.

On July 25, 1968, Judge Friedlund, without hearing any evidence, entered an order directing plaintiff to pay defendant's attorney $600 for defense of plaintiff's petition of September 11, 1967. Plaintiff filed a notice of appeal from this order on August 20, 1968.

On September 26, 1968, defendant petitioned for fees and costs to defend plaintiff's appeal. Plaintiff moved to strike this petition on September 30, 1968, denying defendant's right to fees and costs. However, on October 25, 1968, the court ordered plaintiff to pay defendant's attorney $1,000 to defend plaintiff's initial appeal, again without hearing any evidence. Plaintiff appeals this order also.

Plaintiff initially contends that the trial court exceeded its "jurisdiction" in ordering him to pay $600 to defendant's attorney for defense of plaintiff's post-decretal petition. Plaintiff does not question the right of the trial

court to award attorney's fees in post-divorce decree proceedings in the trial court, only the court's power to award them before an adjudication on the merits.

 It has been held that attorney's fees may be awarded in post-decree proceedings in the trial court to modify the provisions of the decree. Martin v. Martin, 332 Ill App 661, 76 NE2d 353 (1947). The allowance of said fees depends upon the peculiar circumstances of the individual case. Mabbatt v. Mabbatt, 78 Ill App2d 455, 223 NE2d 191 (1967). Where the proceedings are brought to modify the custodial provisions of the decree, the husband is liable for legal services rendered necessary to properly present the needs of the children to the court. Pike v. Pike, 123 Ill App 553 (1905). However, where the custodial modification is sought primarily for the convenience of the parties and not the welfare of the children, the attorney's allowance will be disallowed. Gerson v. Mathes, 252 Ill App 607 (1929). It has also been held that an additional factor to be considered is the identity of the party precipitating the circumstances which necessitated the incurrence of attorney's fees. Moore v. Black, 10 Ill App2d 339, 134 NE2d 347 (1956). Therefore, in Mabbatt, supra, where the welfare of the children was involved and the husband's conduct necessitated the legal proceedings, it was held that the court properly awarded attorney's fees to the wife.

 However, the attorney's fees in the above cases and others cited by the parties were not awarded in advance, but only after a full adjudication on the merits of the post-decretal petition. We believe this is as it should be, and therefore, find that an allowance of attorney's fees before such a determination of the circumstances, as in the present case, is premature and an abuse of discretion.

Plaintiff next contends that the trial court erred in ordering plaintiff to pay $1,000 to defendant's attorney for defense of plaintiff's initial appeal.

 The only authorization for attorney's fees to defend an appeal in divorce matters is section 15 of the Divorce Act (Ill Rev Stats 1965, c 40, § 16) which in its pertinent part provides:

"The court may, in its discretion reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case. In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper."

However, this provision by its express terms applies only to matters culminating in the original divorce decree and does not authorize an allowance of attorney's fees to defend an appeal from a post-decretal order. Therefore, the trial court erred in ordering plaintiff to pay defendant's attorney an allowance for defense of plaintiff's initial appeal.

We note that plaintiff also complains that the trial court erred in granting defendant's changes of venue, particularly because of the absence of any apparent authority whatsoever for a second change of venue. However, since we have determined to reverse the trial court's orders granting the attorney's fees, we need not discuss the contention.

The orders directing plaintiff to pay defendant's attorney the sums of $600 for defense of the petition filed on September 11, 1968, and $1,000 for defense of the initial appeal are reversed and the cause is remanded.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.