ROBERT ROSENBERGER, JR., Plaintiff-Appellant, *v.* KATHLEEN ROSENBERGER, n/k/a KATHLEEN EVANS, Defendant-Appellee.

(No. 59845;

First District (5th Division)—July 12, 1974.

Weiner and Spak (Lawrence Jay Weiner and Joel S. Ostrow, of counsel), for appellant.

Martin Tuchow, of Chicago (Ellis B. Rosenzweig, of counsel), for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This appeal arises from three separate judgment orders entered by the trial court. The first order granted defendant's petition to modify a divorce decree by changing the custody of the divorced couple's two minor children to defendant. The second order awarded attorney's fees to defendant for the prosecution of the petition, and the third order granted attorney's fees to defendant for the purpose of defending the appeal of the first two orders.

On appeal, defendant raises three issues: (1) was the custody award properly changed to suit the best interests of the children involved; (2) was the award of attorney's fees to defendant-petitioner's attorney a proper exercise of the court's discretion; (3) was the allowance of attorney's fees to defend this appeal a proper exercise of the court's discretion?

Plaintiff and defendant were married on October 24, 1953, and separated on July 10, 1959. On November 15, 1960, a decree of separate maintenance was granted to Mrs. Rosenberger and she was awarded custody and support for their three children.

On August 16, 1961, a decree of divorce was entered which incorporated a written settlement agreement pursuant to which plaintiff was awarded custody of his three minor children. Defendant was granted visitation rights. The divorce proceedings were heard as a default matter and there was no hearing on the question of custody.

Soon after the divorce, defendant married Ronald Evans, presently an insurance agent. They are still married. Currently, defendant is unemployed and has no source of income. Since the divorce, plaintiff has not remarried. He is employed by Motorola, and his gross income in 1972 was $21,668.30.

For a period of 12 years following the divorce decree, plaintiff maintained custody of his three children. During that time, Robert, the oldest, reached majority. Since the commencement of this action, Diane, the second eldest child, has also reached majority. Currently at issue, therefore, is the custody of the youngest child, Barbara.

Before defendant filed her petition, Barbara lived with her father,

sister and brother in Chicago. The two girls shared a bedroom. Testimony showed that Diane was unable to communicate with her father and felt that he did not understand her. Although testimony conflicted, there were indications that Barbara had run away from home 2 years prior to the court proceedings. Robert, the brother, testified that plaintiff was unable to control the girls. Considered in its entirety, the record showed that the relationship between the two girls and their brother was fraught with hostility and antagonism. At one point the trial court stated:

> "Let me tell you something that I find here that really bothers me because it relates to this boy and his sisters. I think there is much friction that already exists between the boy and his sisters. I only hope and pray that it won't stay that way and somehow he and his sisters can get right together again. Right now there is very little feeling."

On April 9, 1973, defendant filed a petition to modify the original divorce decree by changing custody of the two minor daughters, Diane (then age 17) and Barbara (then age 15). The petition stated that it was in the best interests of the minor children to permit and allow them to live with their mother.

At the court hearing on April 9, 1973, the court ordered the girls to return to their father's home until a further hearing could be held. The girls resisted going with their father and stood crying in open court. The outburst was such as to warrant special notice by the court:

> "I want the record to clearly show that there have been some outbursts on both sides and that the girls here are resisting going with the father. They are standing here crying."

By agreement of the parties, Diane and Barbara moved in to their mother's home on May 14, 1973. Both girls stated that they desired to live with their mother, and felt that a girl should be with her mother.

The court found that the best interests of the children would be served by changing custody of the two girls to their mother. We agree.

## OPINION

On appeal, the first issue raised is whether custody was properly awarded to defendant. Plaintiff argues that the modification of the award was based solely on the custodial preference of the children and is therefore erroneous. Standing alone, wishes and preferences of a child do not warrant or justify a change in custodial provisions. (*Elble v. Elble*, 100 Ill.App.2d 221, 241 N.E.2d 328.) Defendant, however, argues that custody was properly granted to the parent who could best provide for the best interests of the minor children.

It is well established in Illinois law that a trial court's determination of what is in the best interests of the child should not be reversed unless it is clearly against the manifest weight of the evidence and it appears that a manifest injustice has occurred. (*Holloway v. Holloway*, 10 Ill. App.3d 662, 294 N.E.2d 759.) In the instant case, the trial court heard testimony and personally interrogated witnesses in order to determine what, in its own judgment, would best serve the interests of the children.

In its attempt to act in the best interests of the girls, the trial court went to great lengths to ascertain the feelings of the children involved.

"I would like to find out what the feelings of the girls are. And the reason that I am somewhat concerned about having some inkling as to that is because of their ages, seventeen and fifteen."

■■ In determining the custody of children of divorced parents, the children's feelings are an element to be given most serious consideration. (*Hopwood v. Hopwood*, 122 Ill.App.2d 484, 258 N.E.2d 833 (1970).) Where there are no facts to indicate that defendant was not a proper person to have custody of her childen, and the children indicated preference for her, awarding custody to her was proper in the absence of anything to indicate that the best interests of the girls would not be served by giving defendant custody. (*Buehler v. Buehler*, 373 Ill. 626, 27 N.E.2d 466.) When the trial court awarded custody of the girls to defendant, Barbara was 15. At present, she is 16. No facts appear in this record to indicate that either plaintiff or defendant is an improper person to have custody of the children. It is apparent that at the time it rendered its decision, the trial court thought either party might properly have custody of the children. It is conceded by both parties that the preferences of all the children were consulted. Considering the ages of the children involved, their level of education and maturity, it was not improper for the trial court to attach great weight to the preference of Barbara and Diane. The trial court took into account all relevant factors in its attempt to determine the best interests of the girls, and we do not find sufficient evidence in this record to disturb its findings. All parties were before the trial court and from observation, consultation and testimony, it was in the best position to consider evidence and determine the best interests of the children. We find, therefore, that the trial court's determination that it was in the best interests of the children to award their custody to defendant was not against the manifest weight of the evidence. Furthermore, we find that the children's preference was properly considered by the court as a factor in determining their best interests.

■■ The next issue raised by this appeal is whether or not the trial court abused its discretion by awarding fees to defendant-petitioner. It

is well established in Illinois that allowance of attorney's fees rests within the sound discretion of the trial court and will not be set aside in the absence of a clear showing of abuse. (*Booth v. Booth*, 6 Ill.App.3d 62, 284 N.E.2d 506.) The award of fees to defendant was, in our opinion, within the sound discretion of the court and we perceive no abuse therein. No question of plaintiff's ability to pay or defendant's inability to afford the entire burden of these proceedings was raised. It was proper for the court to require plaintiff to pay defendant's attorney's fees.

Finally, plaintiff contends that allowance of attorney's fees to defendant for purposes of defending this appeal was error. Plaintiff cites as the basis for his contention section 16 of the Divorce Act:

> "In case of appeal by the husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense  *  *  *." (Ill. Rev. Stat. 1973, ch. 40, par. 16.)

Plaintiff argues that this portion of the Divorce Act applies only to an appeal from the original action for divorce and not to an appeal from a post-decree order as in the instant action. *Horwitz v. Horwitz*, 130 Ill.App.2d 424, 264 N.E.2d 723.

With respect to allowance of attorney's fees for defending an appeal, *Horwitz* has been overruled by *Waltrip v. Waltrip*, 3 Ill.App.3d 892, 279 N.E.2d 405. The court held that section 16 of the Divorce Act does not specifically limit the allowance of attorney's fees for defense of an appeal to an appeal from the divorce decree itself. The court stated at page 897:

> "Had the legislature intended to restrict the allowance of attorney's fees to the defense of an original decree, it could have so stated, but we believe the language used by the legislature in providing fees for defense of an appeal indicates that the legislature contemplated that such fees could be awarded on post-decretal orders as well." *Waltrip v. Waltrip*, 3 Ill.App.3d 892, 897, 279 N.E. 2d 405.

In the instant case, no question is raised as to the amount of the fee allowed, the ability of plaintiff to pay the fee or defendant's inability to bear the burden of defending the order granting her custody of her daughter. Defendant had no choice but to defend this appeal of the custody award and the trial court acted well within its discretion in awarding fees to help defendant bear the burden of the appellate expense.

For the reasons stated above, we affirm the finding of the trial court that the custody award of Barbara Rosenberger to defendant was made pursuant to the best interests of the minor child. We further hold that

the award of attorney's fees for conducting the proceedings be sustained and that the award of attorney's fees to defend this appeal be affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.