Lillie Lacey, Plaintiff-Appellee, *v.* Roy Lacey, Defendant-Appellant. (Nos. 60202, 60380 cons.;

First District (3rd Division)—December 5, 1974.

Eugene F. Welter and Michael F. Mulcahy, both of Chicago, for appellant.

Howard Sherman, of Sherman, Schachtman & Stein, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Roy Lacey, appeals from an order of the circuit court of Cook County dismissing his petition to vacate or modify the child-support provisions of a decree of divorce awarded plaintiff, Lillie M. Lacey. Defendant's petition for relief was brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72), or, in the alternative, under section 18 of the Divorce Act (Ill. Rev. Stat. 1969, ch. 40, par. 19). The pertinent facts are as follows.

In 1972 plaintiff instituted divorce proceedings against defendant. After a trial in which both sides were represented by counsel, the court granted plaintiff a divorce and awarded her custody of the parties' two minor children. Defendant was ordered to pay plaintiff $340 per month for child support. On the date the decree was signed, June 19, 1973, defense counsel petitioned the court for a new hearing on the issue of child support only. In that petition, counsel stated that at the time of trial he was exhausted and had made erroneous statements concerning defendant's ability to pay child support. The court denied the post-trial petition and entered the decree. Defendant did not appeal.

Subsequently, plaintiff filed a petition for rule to show cause why defendant should not be held in contempt for failure to comply with the support provisions. (The plaintiff later withdrew her petition to have defendant held in contempt.) In response, on December 21, 1973, defendant filed the aforesaid petition to vacate or modify the child-support portion of the decree. The facts set forth in this petition were identical to those brought before the court in defendant's post-trial request for a new hearing. Citing the misstatements of counsel and his own limited assets, defendant claimed the support provisions were unjust. Plaintiff moved to dismiss the petition on the ground that defendant alleged no change in circumstances that would entitle him to the relief sought, and that the issues raised had been fully heard and ruled on by the court in the divorce proceeding. The motion to dismiss further recited that defendant had the services of two attorneys at trial and was at all times adequately represented. After hearing arguments by both sides, the trial court found the petition did not state a cause of action under section 72 of the Civil Practice Act or under section 18 of the Divorce Act. Plaintiff's motion to dismiss was granted.

Upon perfection of the appeal by defendant, plaintiff petitioned the trial court for additional attorney's fees to defend the appeal. After a

hearing, the court ordered defendant to pay plaintiff $750 in additional attorney's fees. Defendant has also appealed from that order and the separate appeals have been consolidated.

■■ We initially find that defendant's petition to vacate or modify the child-support provision of the divorce decree did not state a cause of action for relief under section 72. A section 72 motion cannot be used as a substitute for appeal (*Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill.App.3d 688, 306 N.E.2d 510), nor can it be used to relitigate matters already validly adjudicated. (*Southmoor Bank & Trust Co. v. Willis* (1958), 15 Ill.2d 388, 155 N.E.2d 308; *Brunswick v. Mandel* (1973), 15 Ill.App.3d 502, 305 N.E.2d 9.) The purpose of a section 72 petition is to bring before the trial court facts not appearing in the record which, if known to the court at the time judgment was entered, would have prevented its entry. (*Filosa v. Pecora* (1974), 18 Ill.App.3d 123, 309 N.E.2d 356.) In the present case, defendant's section 72 petition raised issues identical to those originally brought before the trial court in the post-trial motion. All the matters complained of were presented to the trial court and relief on those grounds was denied. Defendant did not appeal from the judgment for divorce or from the post-trial order. Under these circumstances, the matters alleged are not reviewable under a section 72 petition.

Defendant relies on *People v. Franks* (1970), 126 Ill.App.2d 51, 261 N.E.2d 502, for the proposition that a cause of action for relief under section 72 is stated whenever an inequitable or unconscionable judgment is alleged to have been rendered. However, that reliance is misplaced. In that case, the trial court granted petitioner's section 72 motion to vacate an Illinois judgment despite the fact that a timely appeal had not been taken. This court affirmed only after finding that the issues raised in the Illinois proceeding had been previously determined by a Kansas court and the Illinois judgment was, therefore, invalid. In so ruling the court concentrated on the full faith and credit requirement of the constitution. The holding in *Franks* is inapplicable to the present case.

■■ Likewise, the alleged misstatements of defendant's counsel during the divorce proceedings do not provide a basis for relief under section 72. As the supreme court stated in *People v. Mamolella* (1969), 42 Ill.2d 69, 72, 245 N.E.2d 485, "[T]he rule is well established that it is not within the purpose of a Section 72 proceeding * * * to have claims considered which could have been presented in the trial court and on direct review * * * The defendant was represented by an attorney of his own choice and his failure, if any, to exercise care and skill in the trial of the case may not be properly advanced as a basis for reversing the original judgment."

■■ Defendant next contends that the trial court erred in finding that his petition did not state a basis for relief under section 18 of the Divorce Act. That section provides that the court may, on application, make such alterations in the allowance of alimony and child support "as shall appear reasonable and proper." The cases uniformly hold, however, that before a modification will be allowed it must be shown that the circumstances and conditions of the parties have changed materially since the entry of the original decree. (*Doran v. Doran* (1972), 7 Ill.App.3d 614, 287 N.E.2d 731; *Louthan v. Louthan* (1970), 130 Ill.App.2d 281, 264 N.E.2d 797.) A court may not arbitrarily modify the provisions for child support, but can do so only after the moving party has shown a change in circumstances so as to justify modification. *Green v. Green* (1967), 86 Ill.App.2d 362, 229 N.E.2d 565.

■■ Defendant concedes and the record before us reveals that defendant neither alleged nor attempted to prove that any substantial change in the circumstances of the parties had occurred since the divorce decree was entered. Defendant cites *Scalfaro v. Scalfaro* (1970), 123 Ill.App.2d 23, 259 N.E.2d 644, for the proposition that section 18 relief does not require a change in circumstances. That is not the holding of the case. In affirming the modification of child-support provisions, this court specifically noted that "the trial court determined the financial condition of defendant had sufficiently changed since the entry of the divorce decree to warrant its modification * * *." The present petition, therefore, did not state a cause of action for relief under section 18. The trial court properly granted plaintiff's motion to dismiss the petition.

Defendant also contends that the trial court erred in directing him to pay $750 to plaintiff for attorney's fees to defend the appeal.

■■ In order to justify the allowance of attorney's fees in a divorce proceeding, the party seeking relief must show financial inability to pay and the ability of the other spouse to do so. (*Kaufman v. Kaufman* (1974), 22 Ill.App.3d 1045; *McLeod v. McLeod* (1971), 133 Ill.App.2d 111, 272 N.E.2d 834.) Plaintiff testified that she earned $6000 per year and received at least $150 per month from defendant for child support. There was no testimony as to defendant's income or ability to pay. Although the facts adduced might support a finding that plaintiff could not pay her own attorney's fees, there is nothing in the record to indicate that defendant has the financial ability to pay the fees. Under the circumstances, the allowance of attorney's fees to plaintiff to defend the appeal was error. Also see *Horwitz v. Horwitz* (1970), 130 Ill.App.2d 424, 264 N.E.2d 723.

Accordingly, the order of the circuit court of Cook County dismissing defendant's petition to modify or vacate a portion of the divorce decree

is affirmed. The order directing defendant to pay plaintiff $750 for attorney's fees is reversed.

Affirmed in part; reversed in part.

DEMPSEY and MEJDA, JJ., concur.