Beverly C. Goldberg, Plaintiff-Appellee, *v.* Harvey S. Goldberg, Defendant-Appellant.

(Nos. 59055, 59589 cons.;

First District (3rd Division)—July 17, 1975.

Arvey, Hodes, Costello & Burman, of Chicago (Howard Arvey, Gary D. Friedman, and Lawrence C. Rubin, of counsel), for appellant.

Robbins, Coe, Rubinstein & Shafran, Ltd., of Chicago (Robert A. Coe and Howard S. Golden, of counsel), for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This appeal arises in part out of two post-decretal divorce petitions filed by the appellee, Beverly Goldberg. The first petition, alleging a change in the circumstances of the parties, asked for an increase in the alimony awarded to Beverly Goldberg in the divorce decree entered on January 9, 1964. The second petition asked for an order directing appellant, Harvey Goldberg, to pay certain medical bills which he was allegedly obliged to pay under the provisions of the divorce decree. After an evidentiary hearing, the trial court ordered Mr. Goldberg to increase his alimony payments by approximately $2,000 per year and to pay certain medical bills totaling $5,094.35.

After the above proceedings, attorneys for Mrs. Goldberg, the firm of Robbins, Coe, Rubinstein & Shafran, Ltd. (hereinafter referred to as RCR&S, Ltd.) and John P. McAuliffe, a sole practitioner, filed petitions seeking attorney's fees from Mr. Goldberg for services allegedly performed during the above proceedings. RCR&S, Ltd., filed an additional petition seeking attorney's fees pending appeal. After an evidentiary hearing, the trial court ordered Mr. Goldberg to pay attorneys' fees of $1,500 to John McAuliffe and $3,000 to RCR&S, Ltd. The trial court further ordered that Mr. Goldberg pay an additional $1,500 to RCR&S, Ltd., to defend the appeal.

Mr. Goldberg now appeals from all of the above orders and presents the following issues for review: (1) whether Mrs. Goldberg clearly proved that her present needs had materially changed and that Mr. Goldberg's ability to meet those needs had materially changed since the entry of the divorce decree between the parties; (2) whether Mrs. Goldberg proved that Mr. Goldberg was obligated under the provisions of the divorce decree to pay certain of Mrs. Goldberg's alleged medical

expenses; (3) whether the evidence proved that Mrs. Goldberg was unable to pay her own attorneys' fees and whether the fees assessed against Mr. Goldberg were reasonable, necessary and adequately documented; and (4) whether the trial court was authorized to award attorneys' fees to defend the appeal in this cause before the services were even performed.

We reverse in part and affirm in part.

The first issue appellant, Mr. Goldberg, raises concerns the $2,000 per year increase in alimony. Mr. Goldberg contends that the trial court erred in awarding an increase in alimony because Mrs. Goldberg proved neither that her needs had materially increased nor that his ability to meet those alleged increased needs had materially changed since the entry of the original divorce decree.

■■ In order to justify the increase in alimony both Mrs. Goldberg's needs and Mr. Goldberg's ability to pay must have increased since the entry of the divorce decree. (See *Arnold v. Arnold* (1947), 332 Ill.App. 586, 76 N.E.2d 335.) Furthermore, this change in the circumstances of the parties must be a material one. As stated in *Louthan v. Louthan* (1970), 130 Ill.App.2d 281, 283, 264 N.E.2d 797, 798-99:

> "A decree of divorce is final as to the circumstances and conditions of the parties as of the date of its entry. Upon a subsequent application for a modification, only matters which have occurred subsequent to the entry of the decree may be considered by the court. Before a modification will be allowed it must be shown that the circumstances of the parties have changed materially. See generally Green v. Green, 86 Ill.App.2d 362, 229 N.E.2d 565."

Additionally, in showing that the circumstances of the parties have materially changed, the burden of proof is on the applicant. See *Patterson v. Patterson* (1960), 28 Ill.App.2d 76, 170 N.E.2d 11; *Kelleher v. Kelleher* (1966), 67 Ill.App.2d 410, 214 N.E.2d 139.

In the case at bar, Mrs. Goldberg's alimony was increased from $833.33 per month to $1,000 per month. As evidence of a substantial change in her circumstances, Mrs. Goldberg testified that she was suffering from hypoglycemia which necessitated her having six meals a day at a cost of $15 per day or $450 in the average month. The above testimony, however, is unsupported by any competent medical testimony. In fact, the only medical doctor who testified at trial indicated that hypoglycemia is a common disease and that there is no reason why a person suffering from hypoglycemia would have to eat any unusual or difficult-to-take foods. Furthermore, there was no evidence offered as to what Mrs. Goldberg's food expense was at the time of the original divorce decree.

Another factor which Mrs. Goldberg urges as evidence of a material

change in her circumstances is inflation. The trial court took judicial notice of the fact that the cost of living has gone up significantly since the original divorce decree was entered in January of 1964. We do not believe that inflation in itself is sufficient to establish a material change in circumstances. A material change in circumstances is not shown by merely having the court take judicial notice of inflation, but instead by evidence clearly indicating that the applicant's needs have thereby increased since the original award of alimony.

■■ The record further indicates that after the divorce decree was entered in 1964, Mrs. Goldberg sought and attained employment as a real estate sales associate and was earning up to $500 per month. Although at the time the trial court ordered that the alimony be increased Mrs. Goldberg was not working, we believe that Mrs. Goldberg's capacity to work and earn money is a factor to consider in determining whether or not she sustained her burden of proving that her circumstances had materially changed. See *Tan v. Tan* (1972), 3 Ill.App.3d 671, 279 N.E.2d 486.

Mrs. Goldberg further argues that with the increase in alimony she will barely be able to meet her present expenses. However, the relevant consideration in determining whether an increase in alimony was properly awarded is whether the applicant's circumstances have materially changed and not whether the increase in alimony will barely meet the applicant's present expenses. Mrs. Goldberg's present living expenses could be well beyond those contemplated in the original divorce decree.

■■ We have searched the record and studied the briefs and find no evidence that Mrs. Goldberg's circumstances have materially changed since the entry of the divorce decree. Accordingly, that part of the order of the trial court granting Mrs. Goldberg an increase in alimony must be reversed.

Mr. Goldberg next argues that the trial court erred in ordering him to pay certain of Mrs. Goldberg's medical expenses amounting to $5,094.35. The above amount was arrived at by adding the amount of certain of Mrs. Goldberg's medical bills that were offered and received into evidence. Mr. Goldberg argues that the bills were hearsay and that there was no evidence introduced proving the reasonableness and necessity of such charges.

Paragraph 6 of the divorce decree entered in 1964 reads as follows:

> "Harvey agrees to pay the extraordinary medical, dental and hospital expenses incurred for Beverly, and Mark and Jane, the children of the parties, including, but not limited to orthodontia, surgery and any single illness or accident, the expense of which exceeds Fifty Dollars ($50.00): provided however, that this shall

not include expenses of psychiatry or psychoanalysis without his consent."

■■ We conclude that under paragraph 6 of the divorce decree, the trial court properly ordered Mr. Goldberg to pay the above medical expenses. All of the bills received into evidence were for amounts above $50 and there is no indication in the record that such expenses were unreasonable or unnecessary. While perhaps it would have been better if Mrs. Goldberg had brought doctors in to testify as to the authenticity of the individual bills, we do not believe that the failure to do so is reversible error in the instant case. Mrs. Goldberg testified as to the authenticity of each bill the trial court ordered Mr. Goldberg to pay, and the order of the trial court specifically stated that Mr. Goldberg had the right to contest the reasonableness of each bill with the particular doctor or hospital involved. It is our decision that under paragraph 6 of the divorce decree, that part of the trial court's order requiring Mr. Goldberg to pay the above medical expenses should be affirmed.

Appellant next contends that the trial court erred in ordering him to pay certain attorneys' fees of Mrs. Goldberg in the amount of $4,500. After an evidentiary hearing regarding attorneys' fees, the trial court ordered the appellant to pay $1,500 to John McAuliffe, a sole practitioner, and $3,000 to the firm of RCR&S, Ltd. for services rendered.

The first argument that Mr. Goldberg raises concerning the above attorneys' fees is that there is no evidence proving that Mrs. Goldberg was financially unable to pay her own attorneys' fees. It is true, as Mr. Goldberg argues, that Mrs. Goldberg had approximately $20,000 in liquid assets. However, it is also true that Mr. Goldberg is now earning $50,000 per year and has significant assets. The rule concerning the allowance of attorneys' fees in a divorce action is well stated in *Kaufman v. Kaufman* (1974), 22 Ill.App.3d 1045, 1050-51, 318 N.E.2d 282, 286-87:

"It is a settled rule that to justify allowance of attorneys fees in a divorce suit, the party seeking this relief must show financial inability to pay and the ability of the other spouse to do so. (*Woodshank v. Woodshank,* 13 Ill.App.3d 692, 693, 300 N.E.2d 494; *Berg v. Berg,* 85 Ill.App.2d 98, 229 N.E.2d 282; *Cimino v. Cimino,* 93 Ill.App.2d 412, 236 N.E.2d 299.) However, in this context, financial inability does not mean destitution. In divorce cases, when questions arise concerning suit money, the income and assets of both spouses must be considered; and if the wife's funds, though she has some, are insufficient, those of the husband can be reached so that the wife, without exhausting her own estate, can protect her rights in the marital litigation. See *Moore v. Moore,* 25 Ill.App.2d 255, 166 N.E.2d 629 (abstract opinion).

Recently, in *Moreau v. Moreau,* 9 Ill.App.3d 1008, 293 N.E.2d 680, we held that the fact a wife was earning more than her husband was not conclusive of the question whether she was able to pay all her attorneys fees. And in analagous domestic relations, it is generally recognized that financial inability exists where to enforce disbursement of available funds would strip the person of the means of his support and undermine his economic stability. Compare *Tebo v. Robinson* (1885), 100 N.Y. 27, 2 N.E. 383; *Commonwealth v. Goldman* (1956), 180 Pa. Super. 337, 119 A.2d 631; *Binzel v. Viehmann* (1940), 111 Mont. 6, 106 P.2d 187.

\* \* \* [I]t was equitable and proper for the trial judge to consider plaintiff's greater financial ability and allow defendant's motion for additional temporary attorneys fees. Compare *Eide v. Eide* (1969), 1 Wash.App. 440, 462 P.2d 562; See 24 Am.Jur.2d *Divorce and Separation* § 595 (1966); 27A C.J.S. *Divorce* § 222 (1959)."

■■ Similarly, in the case at bar, considering Mr. Goldberg's greater financial ability to pay such attorneys' fees and what we believe to be the limited ability of Mrs. Goldberg to pay such fees, we find no error in the trial court's decision that Mr. Goldberg was obligated to pay Mrs. Goldberg's attorneys' fees for services rendered at the trial court level.

Mr. Goldberg next questions the amount of attorneys' fees allowed and argues that RCR&S, Ltd., and John McAuliffe failed to introduce sufficient evidence upon which to justify their respective fees of $3,000 and $1,500 awarded by the trial court. In the case at bar, the parties are contesting approximately $2,000 per year in alimony and $5,000 in medical expenses. Mrs. Goldberg has already paid $4,000 in attorneys' fees. In such a case the trial court should carefully study the petitions for fees, weigh the testimony and allow only that amount of fees which the evidence presented would support.

As to the $3,000 fee that the trial court awarded to RCR&S, Ltd., we have carefully read the record and find that the $3,000 in fees allowed by the trial court is adequately supported. Considering time spent at trial, fees which were formally billed, and explanations offered to justify other fees, we conclude that the $3,000 fee awarded to RCR&S, Ltd., is adequately supported by the record.

■■ As to the $1,500 in fees awarded to John McAuliffe, no brief has been filed nor argument presented to this court in support thereof. In such a case, as stated in *Georges v. Mallare* (1974), 18 Ill.App.3d 907, 908, 310 N.E.2d 754, 755, "This court may determine the case on its merits or may reverse because of the failure of the [appellee] to comply with the Supreme Court Rule [Ill. Rev. Stat. 1973, ch. 110A, par. 341] in its sound discretion. *Shinn v. County Board of School Trustees* (1970),

130 Ill.App.2d 908, 266 N.E.2d 123; *People v. Spinelli* (1967), 83 Ill. App.2d 391, 227 N.E.2d 779; *Timmerman v. Wilson* (1966), 74 Ill.App.2d 224, 219 N.E.2d 767." In light of the fact that John McAuliffe has abandoned his case, we see no reason to go into the merits. We therefore reverse, pro forma, the trial court's order awarding $1,500 in attorney's fees to John McAuliffe.

■■ Mr. Goldberg next contends that the trial court erred when it ordered him to pay $1,500 in attorneys' fees to defend the appeal. We agree. In the instant case, the appeal is from a post-decretal order concerning alimony and the payment of certain medical bills. In *Horwitz v. Horwitz* (1970), 130 Ill.App.2d 424, 264 N.E.2d 723, this court ruled that it was error for the trial court to award attorneys' fees in an appeal from a post-decretal order. (Also see *Hall v. Hall* (1975), 25 Ill.App.3d 524, 323 N.E.2d 541; contra, *Waltrip v. Waltrip* (1972), 3 Ill.App.3d 892, 279 N.E.2d 405, and *Rosenberger v. Rosenberger* (1974), 21 Ill.App.3d 550, 316 N.E.2d 1.) In accordance with the rule in *Horwitz,* we reverse the trial court's order requiring Mr. Goldberg to pay $1,500 to defend the appeal.

Accordingly, we reverse that part of the order of the trial court awarding Mrs. Goldberg an increase in alimony. We also reverse the orders of the trial court which require Mr. Goldberg to pay $1,500 in attorney's fees to John McAuliffe and an additional $1,500 in attorney's fees to RCR&S, Ltd., to defend this appeal. We affirm that part of the order of the trial court requiring Mr. Goldberg to pay certain of Mrs. Goldberg's medical expenses in the amount of $5,094.35. We also affirm the order of the trial court requiring Mr. Goldberg to pay $3,000 in attorney's fees to RCR&S, Ltd., for services rendered at the trial court level.

Orders reversed in part and affirmed in part.

McNAMARA and MEJDA, JJ., concur.